DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

THEODORE J. BOUTROUS JR. (S.B. #132099)
tboutrous@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7296
Facsimile: (213) 229-7242

Attorneys for Home Box Office, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

OPTIMUM PRODUCTIONS, a California corporation; and JOHN BRANCA and JOHN MCCLAIN, in the respective capacities as CO-EXECUTORS OF THE ESTATE OF MICHAEL J. JACKSON,

Plaintiffs,

v.

HOME BOX OFFICE, a Division of TIME WARNER ENTERTAINMENT, L.P., a Delaware Limited Partnership; HOME BOX OFFICE, INC., a Delaware corporation; DOES 1 through 5, business entities unknown; and DOES 6 through 10, individuals unknown,

Defendants.

Case No.

Los Angeles County Superior Court Case No. 19SMCP00075

**HOME BOX OFFICE, INC.'S NOTICE OF REMOVAL**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant Home Box Office, Inc. hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and in support thereof states as follows:

**DESCRIPTION OF ACTION**

1. On February 21, 2019, plaintiffs Optimum Productions and John Branca and John McClain, in their capacities as co-executors of the estate of Michael J. Jackson (collectively, "Plaintiffs"), filed a Petition to Compel Public Arbitration ("Petition") against Home Box Office, Inc. in the Superior Court of the State of California, County of Los Angeles. A copy of the Petition is attached hereto as Exhibit A ("Ex. A").

**THE NOTICE OF REMOVAL IS TIMELY**

2. On February 28, 2019, a copy of the Petition was served in New York on CT Corporation System, Home Box Office, Inc.'s agent for service of process. Abrutyn Decl. ¶ 4. The deadline to remove this action to this Court is therefore April 1, 2019. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a)(1) (when a deadline falls on a weekend, the deadline is extended to "the next day that is not a Saturday, Sunday, or legal holiday"); *Piazza v. EMPI, Inc.*, 2008 WL 590494, at *7 (E.D. Cal. Feb. 29, 2008) (noting that Rule 6(a)(1) applies to notices of removal). This Notice is timely because it is filed prior to April 1, 2019.

**THE ACTION IS REMOVABLE AND THE COURT HAS SUBJECT MATTER JURISDICTION**

3. Petitions to compel arbitration are removable to federal court when federal subject matter jurisdiction, including diversity jurisdiction, exists over the matter. *See, e.g.*, *Sunshine Beauty Supplies, Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 872 F.2d 310, 311 (9th Cir. 1989) (noting plaintiff "filed a petition to

compel arbitration in California state court," and defendant "removed the petition to federal district court"); *Epstein Becker & Green, P.C. v. Brown*, 2010 WL 3835067, at *1 (S.D.N.Y. Sept. 10, 2010) (addressing a "petition to compel arbitration that was removed to [federal] [c]ourt from the Supreme Court of the State of New York" based on diversity jurisdiction); *Prudential Prop. & Cas. Ins. Co. v. Bazley*, 1986 WL 14198, at *1 (E.D. Pa. Dec. 12, 1986) (denying motion to remand where plaintiff "filed a petition to compel arbitration in state court," and defendant "removed that action to [federal] court"); *cf.* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.").

4. The Court has subject matter jurisdiction over this action because there is diversity jurisdiction—specifically, the action "is between … citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a).

5. At the time of filing of the Petition, Plaintiffs were, and on information and belief continue to be, citizens of California.

a. Optimum Productions is a citizen of California because it is a California corporation with its principal place of business in California. *See* Ex. A ¶ 75 ("Optimum Productions is a California corporation"); *MJJ Prods., Inc. et al. v. The Walt Disney Co., et al.*, Case No. 2:18-cv-04761-PSG-SK (C.D. Cal.) ¶ 26(b) (Optimum Productions "is a California corporation with its principal place of business in Los Angeles County"); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State …

by which it has been incorporated and of the State … where it has its principal place of business.”).

b. Messrs. Branca and McClain, in their capacity as co-executors of the Estate of Michael J. Jackson (“Jackson Estate”), are also California citizens because Mr. Jackson was domiciled in California at the time of his death. *See Triumph Int'l, Inc. v. GourmetGiftBaskets.com*, Case No. 2:16-cv-01315-PA-FFM (C.D. Cal.), Dkt. 1 ¶ 4 (Jackson Estate acknowledges that “[a]t the time of his death, Michael Jackson was domiciled in California”); *see also* 28 U.S.C. § 1332(c)(2) (“[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]”).[1]

6. At the time of filing of the Petition, Home Box Office, Inc. was, and continues to be, a citizen of Delaware and New York. Specifically, Home Box Office, Inc. is a Delaware corporation with its principal place of business in New York, New York. Abrutyn Decl. ¶ 2. *See* also 28 U.S.C. § 1332(c)(1).

7. The Petition also names Time Warner Entertainment [Company] L.P. (“TWE”), a Delaware limited partnership, as a defendant.[2] Plaintiffs do not appear to have served TWE, however, *see* Abrutyn Decl. ¶ 5, and thus TWE's consent is not required to remove this action. *See* 28 U.S.C. § 1446(b)(2)(A) (consent to remove required from defendants “properly joined *and served*”) (emphasis added). Nor is service on TWE likely, given that records from the Delaware Secretary of State website indicate that TWE was merged into another entity (Time Warner

[1] Although not required for purposes of removal, Messrs. Branca and McClain also appear to be domiciled in California. *See Triumph Int'l*, Case No. 2:16-cv-01315-PA-FFM (C.D. Cal.), Dkt. 1 ¶ 5 (“Plaintiffs John Branca and John McClain … are both domiciled in California.”).

[2] Plaintiffs appear to have inadvertently omitted “Company” from the full name of the Time Warner entity alleged to be a party to the contract at issue in the Petition. *See* Petition, Exhibit B at 1 (referencing July 22, 1992 agreement with “Time Warner Entertainment Company, L.P.”).

Cable Enterprises LLC) and ceased to exist as of September 30, 2012. Abrutyn Decl. ¶¶ 6-7; *see also id*. ¶¶ 3, 8 (confirming that Home Box Office, Inc., formed on December 3, 2002, has never had an ownership interest in TWE, that no company affiliated with Home Box Office, Inc. has had any ownership or other interest in TWE since March 2009, and that Time Warner Cable Enterprises LLC is not owned by or affiliated with Home Box Office, Inc.).

8. Although Home Box Office, Inc. disputes any liability, Plaintiffs' allegations confirm that the amount in controversy exceeds $75,000. *See* Ex. A ¶ 90 (alleging that "damages potentially exceed[] $100 million"); *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1090 (C.D. Cal. 2015) ("When a petition to compel arbitration is involved, the amount at stake in the underlying litigation ... is the amount in controversy for purposes of diversity jurisdiction."); *Vaden v. Discover Bank*, 555 U.S. 49, 61 (2009) ("[A] federal court should determine its jurisdiction by 'looking through' a ... petition [to compel arbitration] to the parties' underlying substantive controversy.").

**VENUE IS PROPER**

9. Venue lies in the United States District Court for the Central District of California because this Court's territorial jurisdiction includes Los Angeles County, where the state court action was filed and is pending. *See* 28 U.S.C. § 1441(a).

* * * * *

Based on the foregoing, Home Box Office, Inc. hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: March 13, 2019

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
Daniel M. Petrocelli

Attorneys for Home Box Office, Inc.