KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Howard Weitzman (SBN 38723)
hweitzman@kwikalaw.com
Jonathan P. Steinsapir (SBN 226281)
jsteinsapir@kwikalaw.com
Zachary T. Elsea (SBN 279252)
zelsea@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

FREEDMAN + TAITELMAN LLP
Bryan J. Freedman (SBN 151990)
bfreedman@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Telephone: 310.201.0005
Facsimile: 310.201.0045

Attorneys for Optimum Productions and John Branca and John McClain as Co-Executors of the Estate of Michael J. Jackson

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

OPTIMUM PRODUCTIONS, a California corporation; and JOHN BRANCA and JOHN MCCLAIN, in their respective capacities as CO-EXECUTORS OF THE ESTATE OF MICHAEL J. JACKSON,

Plaintiffs,

vs.

HOME BOX OFFICE, a Division of TIME WARNER ENTERTAINMENT, L.P., a Delaware Limited Partnership, and HOME BOX OFFICE, INC., a Delaware corporation, and DOES 1 through 5, business entities unknown, and DOES 6 through 10, individuals unknown,

Defendants.

Case No. 2:19-cv-01862 GW(PJWx)

Hon. George H. Wu

**PLAINTIFFS' SUPPLEMENTAL BRIEF RE ARBITRABILITY AND IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Date: July 15, 2019
Time: 8:30 a.m.
Ctrm: 9D

# TABLE OF CONTENTS


Page

1. The Dispute Here Is Clearly Arbitrable ........ 1
2. HBO's Attempt To Avoid The Presumption Of Arbitrability Is Meritless ........ 1
3. The Confidentiality Provisions' Reference To A "Court" Does Not Exclude Claims For Their Breach From The Obligation to Arbitrate ........ 2
4. HBO's Arguments That It Did Not Breach Are For The Arbitrator........ 5
5. As This Court Already Held, HBO's Argument That "The 1992 Agreement Has Expired" Is For the Arbitrator ........ 6
6. HBO's First Amendment And Public Policy Arguments Are Frivolous........ 7


KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF AUTHORITIES

**Page**

## CASES

*AbbVie Inc. v. Novartis Vaccines & Diagnostics, Inc.*
2017 WL 3835340 (N.D. Cal. 2017)....................5

*AT&T Mobility LLC v. Concepcion*
563 U.S. 333 (2011)....................7

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*
475 U.S. 643 (1986)....................1

*Buckeye Check Cashing, Inc. v. Cardegna*
546 U.S. 440 (2006)....................7

*Comedy Club, Inc. v. Improv West Associates*
553 F.3d 1277 (9th Cir. 2009)....................4, 5

*Comer v. Micor, Inc.*
436 F.3d 1098 (9th Cir. 2006)....................1, 2, 4

*Harris v. Sandro*
96 Cal. App. 4th 1310 (2002)....................3

*Henry Schein, Inc. v. Archer & White Sales, Inc.*
139 S. Ct. 524 (2019)....................6

*ISTA Pharm., Inc. v. Senju Pharm. Co.*
2010 WL 11601183 (C.D. Cal. 2010)....................2

*Katz v. Feinberg*
290 F.3d 95 (2d Cir. 2002)....................5

*Knutson v. Sirius XM Radio Inc.*
771 F.3d 559 (9th Cir. 2014)....................2

*Lamps Plus, Inc. v. Varela*
139 S. Ct. 1407 (2019)....................5

*McKinney v. Emery Air Freight Corp.*
954 F.2d 590 (9th Cir. 1992)....................6

*Nolde Bros. v. Local 358*
430 U.S. 243 (1977)....................6

*Republic Bank v. Marine Nat. Bank*
45 Cal. App. 4th 919 (1996)....................2

*Roberts v. AT&T Mobility LLC*
2016 WL 1660049 (N.D. Cal. 2016)....................7

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Roberts v. AT&T Mobility LLC*
877 F.3d 833 (9th Cir. 2017) ........ 7

*Simula, Inc. v. Autoliv, Inc.*
175 F.3d 716 (9th Cir. 1999) ........ 1

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**1. The Dispute Here Is Clearly Arbitrable**

The Agreement requires "binding and final arbitration" of "[a]ny dispute arising out of, in connection with or relating to this Agreement." Doc. 18 at 33. The "language 'arising in connection with' reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). The Jackson Estate alleges that HBO violated the express terms of the contract. HBO vehemently disagrees that it has violated the contract. Accordingly, there is a dispute that has its "origin or genesis in the contract," *ibid.*, and that dispute must be arbitrated. That is the beginning and end of the analysis here. HBO's efforts to escape the result of this simple analysis fail.

**2. HBO's Attempt To Avoid The Presumption Of Arbitrability Is Meritless**

It is well-settled that "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

HBO cannot rebut the presumption of arbitrability, so it argues that the presumption does not apply because Plaintiffs must first "demonstrate the existence of a valid agreement to arbitrate disputes *regarding* the Confidentiality Provisions." Doc. 30 at 3:14-15 (emphasis added); *see also id.* at 1-3. That argument clearly conflates two separate issues: (1) the *existence* of an arbitration clause (our burden but undisputed); and (2) the *scope* of the arbitration clause (HBO's burden to show that "arbitration clause is not susceptible of an interpretation that covers" dispute).

The authorities on which HBO relies to argue that it is Plaintiffs' burden to show arbitrability are all irrelevant because they address the *existence* of an arbitration agreement, and *not its scope*. In *Comer v. Micor, Inc.*, 436 F.3d 1098 (9th

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Cir. 2006), the Court affirmed the denial of a motion to compel arbitration because the plaintiff was not a signatory to the arbitration agreement and therefore *no arbitration agreement existed* between the litigants. *Id.* at 1103–04. In *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559 (9th Cir. 2014), the Court held that "no valid agreement to arbitrate exists between Knutson and Sirius XM because Knutson never assented to the Customer Agreement" with the arbitration clause. *Id.* at 565-66. *See also ISTA Pharm., Inc. v. Senju Pharm. Co.*, 2010 WL 11601183, *7 (C.D. Cal. 2010) (addressing whether plaintiff was party to arbitration agreement).

HBO does not dispute the arbitration clause's *existence*. It does not challenge its authenticity. It does not contend, for example, that the Agreement is a forgery, that HBO is not bound by it, etc. It is therefore HBO's burden to rebut the presumption that the arbitration clause requires arbitration of the claim that HBO breached the Agreement.

**3. The Confidentiality Provisions' Reference To A "Court" Does Not Exclude Claims For Their Breach From The Obligation to Arbitrate**

The dispute here is whether HBO breached non-disparagement and other provisions in Exhibit I of the Agreement. The exhibit, entitled "Confidentiality Provisions" is specifically incorporated by reference into the Agreement: "It is understood that HBO shall comply with the confidentiality provisions set forth in Exhibit I attached hereto and incorporated herein by this reference." Doc. 18-1 at 33 § (ii). "The phrase 'incorporation by reference' is almost universally understood, both by lawyers and nonlawyers, to mean the inclusion, within a body of a document, of text which, although physically separate from the document, becomes as much a *part* of the document as if it had been typed in directly." *Republic Bank v. Marine Nat. Bank*, 45 Cal. App. 4th 919, 922 (1996) (emphasis in original). The arbitration clause therefore applies to breaches of obligations in Exhibit I in precisely the same way that it applies to every other part of the Agreement.

Nevertheless, HBO argues that a bare reference to a "court" in Exhibit I

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

somehow excludes breaches of those provisions from the scope of the broad arbitration clause here. HBO contends that the supposedly "specific" reference to a court in Exhibit I trumps the allegedly more "general" reference to arbitration in the Agreement. This argument fails at the outset for the simple reason that the arbitration clause is *much more specific* than the reference to a "court" in Exhibit I. The arbitration clause requires that "*[a]ny dispute* arising out of, in connection with or relating to this Agreement *shall be submitted for binding and final arbitration*." Doc. 18 at 33 (emphasis added). It then specifies *who* the arbitrator will be (a retired judge of the Superior Court); *how* the arbitrator will be chosen; and *what* procedures govern the arbitration (the AAA Rules).

Contrary to HBO's contention that the paragraph in Exhibit I "makes clear that any disputes [relating to the confidentiality provisions] ***must be*** resolved by '*the court*,' not an arbitrator," (Doc. 30, initial emphasis added), the paragraph is a simple fee-shifting clause. It provides as follows:

> ***In the event*** that either party to this agreement brings an action to enforce the terms of these confidentiality provisions or to declare rights with respect to such provisions, the prevailing party in such action shall be entitled to an award of costs of litigation … in such amount ***as may be determined by the court having jurisdiction*** in such action.

Doc. 18 at 40 (emphasis added). The reference to a "court having jurisdiction" is easily read under these circumstances—where there is a broad arbitration clause—to include an arbitrator. And indeed, this is precisely what the case law holds.

In *Harris v. Sandro*, 96 Cal. App. 4th 1310 (2002), an option agreement included a typically broad arbitration clause like the one here. *Id.* at 1312. It also contained a fee-shifting clause like the one here, providing: "Should any litigation be commenced between the parties … the prevailing party … may be granted, a reasonable sum for attorneys' fees to be determined by the court in such litigation …" *Ibid.* An arbitrator awarded fees to the prevailing party pursuant to this clause, and the other party argued that only a "court" could award fees. The Court rejected the argument, holding that "a contract that both compels arbitration and requires a

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

'court' to determine the amount of the fee award must contemplate that an arbitrator will make the fee award. Otherwise, fees could never be awarded because no 'court' may decide a dispute under the contract; all such disputes must be decided by an arbitrator." *Id.* at 1315.

Even if that precedent were ignored—and the language were read to only include a "public court of record"—this conditional, permissive language is not an exclusion from the broad arbitration clause, or a mandatory forum selection clause for disputes relating to the confidentiality provisions. The provision merely states that, *if* the parties are in court, the court is empowered to award fees and costs. There are many reasons why the parties would be in court, despite the Agreement's arbitration clause. The first reason is obvious given the proceedings here: a party may seek court intervention to compel arbitration. The second, as stated at the May 23 hearing is to seek injunctive relief (which is referenced in Exhibit I, *see* Doc. 18 at 39). A third reason is that a court may need to confirm an arbitration award.

The *very best interpretation* for HBO is that there may be an ambiguity as to arbitrability. "However, if a contract is capable of two different reasonable interpretations, the contract is ambiguous, and under the federal presumption in favor of arbitration, an arbitrator would have jurisdiction to arbitrate claims." *Comedy Club, Inc. v. Improv West Associates*, 553 F.3d 1277, 1285 (9th Cir. 2009).[1]

The Ninth Circuit's decision in *Comedy Club* is on point. Like here, the parties' agreement included: (1) a broad arbitration clause; (2) a clause referencing the courts' jurisdiction over certain disputes; and (3) a provision authorizing an award of fees and costs to "the prevailing party in any arbitration or action to

[1] HBO argued at the May 23, 2019 hearing that "we have *absolute ambiguity* because we have two directly conflicting provisions"—the broad arbitration clause in the Agreement and the reference to a "court" in Exhibit I thereof. *See* Doc. 30-1 at p. 22 of 37 (Transcript of Proceedings) (emphasis added). That assertion is itself *dispositive* of this motion in light of the law cited above.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

enforce this Agreement." *Id.* at 1286. The second clause, which referenced the courts, looks *much more* like a mandatory exclusion-from-arbitration provision than the clause HBO relies on here. It reads as follows:

> Notwithstanding this agreement to arbitrate, the parties, in addition to arbitration, shall be entitled to pursue equitable remedies and agree that the state and federal courts *shall have exclusive jurisdiction for such purpose*.

*Id*. at 1285 (emphasis added and modification omitted). The Court nonetheless held that the agreement could be interpreted such that the "second clause did not 'supplant the arbitrator's authority' to decide *all* disputes under the Trademark Agreement" as provided in the broad arbitration clause. *Id*. at 1285. The Court held that, taken together, "[t]hese [three] phrases can support that the arbitration agreement lets the parties pursue equitable remedies in courts in aid of the arbitration, and gives those courts exclusive jurisdiction over, and awards costs and attorneys fees to the prevailing party in, those actions." *Id*. at 1286. The Court therefore held that "because the arbitration agreement is ambiguous, it should be interpreted as granting arbitration coverage over 'all disputes' arising from the Trademark Agreement." *Ibid*. *See also AbbVie Inc. v. Novartis Vaccines & Diagnostics, Inc.*, 2017 WL 3835340, *5 (N.D. Cal. 2017) (same).[2]

Simply stated, the mere reference to a "court" in Exhibit I is insufficient to rebut the presumption in favor of arbitrability.

**4. HBO's Arguments That It Did Not Breach Are For The Arbitrator**

HBO takes a very narrow view of the Agreement's non-disparagement clause,

[2] Notably, the *sole* case that HBO cites on this issue, relating to arbitration, is irrelevant. It involved competing *arbitration* provisions. *Katz v. Feinberg*, 290 F.3d 95, 97 (2d Cir. 2002) ("disputes under agreements containing both specific and general *arbitration clauses* must be arbitrated under the particularized clauses") (emphasis added and punctuation omitted). HBO cites *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019) to suggest that ambiguity regarding arbitrability can imply that there is no consent to arbitrate. *Lamps Plus* is plainly inapposite. The reasoning and holding in that case were specific to *class* arbitration, which the Court explained is "markedly different from the 'traditional individualized arbitration.'" *Id*. at 1405.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

arguing that it is not implicated because *Leaving Neverland* supposedly has "nothing to do with *Live in Bucharest*." Doc. 30 at 3:23-24. The Jackson Estate disagrees *both* with the narrow interpretation of the non-disparagement clause (which requires no relationship to the specific concert), *and* also disagrees that *Leaving Neverland* had "nothing to do" with the concert. But these disagreements are for another day in another forum. The issue on this motion is not *whether* the Jackson Estate's claims have merit, but *who decides* whether they have merit. In the words of the Supreme Court, "a court may not rule on the potential merits of the underlying claim that is assigned by contract to an arbitrator, even if it appears to the court to be frivolous. A court has no business weighing the merits of the grievance because the agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (internal citation and quotation marks omitted).

**5. As This Court Already Held, HBO's Argument That "The 1992 Agreement Has Expired" Is For the Arbitrator**

HBO argues that the arbitration clause "does not encompass this dispute because the 1992 Agreement has expired." Doc. 30 at 5:18-19 (capitalization and bolding removed). This Court already rejected that argument, explaining that "Defendants are not challenging the Arbitration Provision itself as invalid, instead they argue that the Agreement as a whole has expired. The continued validity of the Agreement as a whole is a question for the arbitrator." Doc. 27 at 9-10 fn. 7; Doc. 28 (adopting tentative, Doc. 27, as final ruling). HBO ignores the Court's holding in this regard. It also ignores the *many cases* cited by the Jackson Estate in its reply brief rejecting HBO's argument. Doc. 25 at 10-13. Regardless, even if the Agreement "expired" in some sense, this would not change the outcome: "where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication." *Nolde Bros. v. Local 358*, 430 U.S. 243, 255 (1977). *See also McKinney v. Emery Air Freight*

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Corp*., 954 F.2d 590, 593 (9th Cir. 1992). Not only can HBO *not* rebut those presumptions, it cannot even acknowledge them or the many cases invoking them.

**6. HBO's First Amendment And Public Policy Arguments Are Frivolous**

"[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract," and "unless the challenge is *to the arbitration clause itself*, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) (emphasis added). HBO does not *genuinely* dispute the *validity* of the Agreement's arbitration clause. It does not contend, for example, that the arbitration clause was procured by fraud or trick, that it was signed under duress, that it is unconscionable, etc.

HBO counters that it *is* "attacking the enforceability of [the] arbitration provision itself." Doc. 30 at 7:15-16 (emphasis omitted). Specifically, it argues that an order compelling arbitration is "the kind of 'state action' that can violate the First Amendment, due process, and California law and policy." Doc. 30 at 7:15-17 (emphasis omitted). That argument is just plain frivolous: "It is well established that judicially enforcing arbitration agreements does *not* constitute state action." *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 838 n. 1 (9th Cir. 2017) (emphasis added) (rejecting First Amendment challenge to order compelling arbitration). *See also Roberts v. AT&T Mobility LLC*, 2016 WL 1660049, at *3 (N.D. Cal. 2016) (district court's more fulsome discussion of the issue).

To the extent that HBO is arguing that there is some unique California public policy against arbitrating cases involving breaches of contractual confidentiality and non-disparagement clauses, there is *no* authority whatsoever for that contention. Any such policy would violate the Federal Arbitration Act in any event. "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011).

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DATED: June 17, 2019

Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/Jonathan P. Steinsapir
Jonathan P. Steinsapir
Attorneys for Plaintiffs Optimum Productions and the Co-Executors of the Estate of Michael Jackson

10386.00348/650142